Reynolds *v.* Park.

---

WILLIAM A. REYNOLDS, Appellant, *v.* ANDREW PARK, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

A judgment debtor put the title of his real estate in his wife, and also paid for other real estate conveyed to her, which latter estate she mortgaged *bona fide*. A second judgment was then recovered against the debtor by the judgment creditor, who brought a suit in the nature of a creditor's bill against the husband and wife, filed a *lis pendens*, and had a decree declaring the conveyances fraudulent respecting both judgments, and that the property was conveyed subject to the judgments. The wife then mortgaged the property received from her husband, the mortgagee foreclosed by action to which the judgment creditor was not party, and the purchaser at the foreclosure sale took an assignment of the two judgments, paying the balance due, and also of the decree in the creditor's suit.—*Held*, that the assignee of the judgments would be restrained from proceeding to sell the property covered by the second conveyance to the wife, then in the hands of a purchaser at a foreclosure sale under her mortgage thereon, inasmuch as the older judgment did not attach as a lien thereon, the judgment debtor never having had the legal title, and the decree in the creditor's suit could not charge it as a lien thereon prior to the mortgage, as the mortgagee was not made party to that suit, and the later judgment was recovered after the mortgage.

THIS was an appeal by the defendant from a judgment rendered against him at Special Term, after trial by the court.

The action was brought to restrain the defendant from enforcing certain judgments against property which the plain tiff had purchased at foreclosure sale in Rochester.

It appeared that on the 11th day of February, 1856, and prior thereto, Urbana C. Edgarton owned in fee certain premises on Sophia street, in the city of Rochester. On that day he conveyed the premises by intermediate deed to Harriet Edgarton, his wife. On the 23d day of June, 1856, Benjamin Chamberlain conveyed to the same grantee certain premises situate on Hunter. street, in the same city. The consideration ($4,500) was paid by Edgarton, the husband. On the 20th October, 1856, Mrs. Edgarton mortgaged the premises last mentioned to Calvin T. Chamberlain, to secure the payment of $1,000. On the 21st day of November, 1850, one Jeremiah L. Knapp recovered a judgment in the Supreme Court against Urbana C. Edgarton for the sum of $210.99, and on the 13th May, 1859, he recovered against the same defendant another judgment in the same court for $992.56.

Executions were issued on these judgments, which were returned unsatisfied. Knapp then commenced an action against Edgarton and wife in the Supreme Court, in the nature of a creditor's bill, to set aside the deeds to Mrs. Edgarton as fraudulent and void against creditors, and such proceedings were had that on the 26th day of September, 1859, it was adjudged that the deeds were fraudulent, and that the premises belonged to Urbana C. Edgarton and were subject to the lien of the judgments. A notice of *lis pendens* was duly filed in that action.

On the 12th June, 1860, Mrs. Edgarton and her husband gave to James Woods and others a mortgage on the Sophia street property, to secure an indebtedness of Urbana C. Edgarton, of $1,642,68.

This mortgage was foreclosed by action, to which Urbana C. Edgarton and his wife were the only parties defendant. The defendant bought the premises at the foreclosure sale for the sum of $2,055,15.

Reynolds *v.* Park.

On the 16th February, 1863, the defendant being still the owner of the premises, first learned of the recovery of the Knapp judgment, declaring the deeds to be fraudulent and void; and as Knapp threatened to sell the Sophia street premises, he paid Knapp the sum of $658,06, being the balance unpaid on his judgments, and took an assignment of the decree as security therefore.  On the 13th May, 1863, Chamberlain commenced an action against Edgarton and wife to foreclose his mortgage on the Hunter street property, and a notice of *lis pendens* was filed.  Edgarton and wife were the only parties defendant.  Such proceedings were had in that action that said premises were sold on a judgment therein, and bid in by the plaintiff.  The sale was the 21st November, 1863.  The judgment in that action was assigned to the plaintiff.

The defendant, still owning the Knapp judgment, threatened to sell the Hunter street property, and this action was brought to restrain such sale, and to compel a sale of the Sophia street property, and to compel a satisfaction of the Knapp judgment, on the ground that, the defendant being owner of the equity of redemption and owning the judgment, and the premises being worth more than the judgment, it was satisfied.

The defendant, before suit brought, had offered to redeem the Hunter street premises from the foreclosure and sale, he not being a party thereto, although he then held the Knapp judgment, and he asks a judgment that on payment of the amount due on said mortgage he be permitted to redeem.

The Special Term held defendant entitled to redeem, and dismissed the plaintiff's complaint.

*Edward Harris,* for the appellant, cited *Chautauqua Bank* v. *White* (2 Seld., 243); *Same* v. *Risley* (19 N. Y., 373); 1 R. S., 728, §§ 51, 52; *Garfield* v. *Hatmaker* (15 N. Y. 475); *Wood* v. *Robinson* (22 N. Y., 564); *Brewster* v. *Power* (10 Paige, 562); *Forbes* v. *Halsey* (26 N. Y., 64)

*John McConville,* for the respondent, cited *Brainard* v. *Cooper* (10 N. Y., 356); *Gage* v. *Brewster* (31 N. Y., 218).

Present—MULLIN, P. J.; JOHNSON and TALCOTT, JJ.

MULLIN, P. J. Mrs. Edgarton got title to the Hunter street property in June, 1856. In October of the same year, she and her husband mortgaged the same for the sum of $1,000 to Calvin T. Chamberlain. This mortgage was recorded on the day of its date.

The suit brought by Knapp to set aside the conveyances made by Mrs. E., as fraudulent as against the creditors of her husband, was commenced in July, 1859, and judgment entered therein in September of that year. To that action Edgarton and wife were the only defendants.

It follows that when Knapp commenced his action, Chamberlain had a valid lien on the Hunter street property, and it was so far as we are informed the only lien thereon. This lien was not removed or postponed by the judgment in the Knapp suit for several reasons:

1st. Only one of Knapp's judgments had been recovered when the mortgage was given. The other was docketed in May, 1859. The older judgment did not become a lien on the Hunter street property, as the title thereto was not in Edgarton at any time. Chamberlain held the fee and conveyed at the request of E. to his wife. It follows that the mortgage became a valid lien on the Hunter street property before the commencement of the Knapp suit.

2d. Although this mortgage was on record when Knapp's suit was commenced, Chamberlain, the mortgagee, was not made a party, and was not bound by the proceedings in that suit. Knapp could not, by a judgment in that action, acquire a lien prior to Chamberlain's mortgage without making him a party defendant.

3d. It is not pretended that the mortgage of Chamberlain was not given in good faith, and for a valuable consideration.

I repeat, therefore, the proposition that the lien of Cham-

berlain's mortgage has never been removed or postponed to any or all of the Knapp judgments.

As between Mrs. E. and the creditors of her husband, the conveyance to her of the Hunter street property may have been fraudulent, yet she could sell to an innocent purchaser or mortgage to an innocent mortgagee that property, not having notice of the fraud, and the title or lien thus acquired would not be impaired by a subsequent judgment declaring fraudulent and void the conveyance to her.

If this is a correct exposition of the rights of the parties, the Knapp judgment binds only the Sophia street property. And that property, in whose hands soever it may be, must be applied to the satisfaction of that judgment. The defendant is now the owner of it, and it is alleged in the complaint that he threatens by virtue thereof to sell the Hunter street property. If it is not liable to be sold upon that judgment, the plaintiff is entitled to have his property relieved from that burden. It is a cloud on plaintiff's title, and should be removed.

The judgment of the Special Term must be reversed and a new trial ordered, costs to abide the event.

Judgment reversed.